Mr. Justice O’NeaIiI,
delivered the opinion of the court.
In the case of Collins vs. Brown, the first ground of appeal was decided against the defendant.
As to the second ground it makes no question of law, but one of fact merely : the decision of the magistrate upen it, does not seem, to be contrary to the weight of evidence.
The other three grounds present the'question, whether on the facts proved, the defendant is discharged from his liability under the contract. The due bill was given for tlie money paid by. the captain in advance to the seaman : the defendant, who was in point of fact the party benefitted by the advance, promised to refund it, “provided, John Brown, who has signed aiticles to proceed on the voyage on which said vessel is bound, does not proceed to sea.” The proof is that the se-unan refused to go to sea ; joined in a mutiny ; and was at last arrested for his conduct, under a warrant from Judge Lee, and committed to prison. It is perfectly plain, that this is no performance of the defendant’s contract. The seaman’s refusal to' sail made the very contingency, which, instead of discharging the defendant’s contract, made it absolute and unconditional. For his guaranty was for the seaman’s act of his own will, and not that he could be compelled to do it. So too the mu *243 tiny of the seaman, was another fact making the defendant liable. It was his actual denial of the authority of the captain, and was the same as if he bad left the ship, for all the purposes of this case. His subsequent arrest was the consequence of his illegal act, and cannot avoid the consequences of his refusal to sail, both by word and deed.
Thompson, for motion.
Horlbeck, contra.
Filed 20th February, 1837.
The motion is dismissed.
JOHN B. O’NEALL,
We concur,
RICHARD GANTT,
J. S RICHARDSON,
JOSIAH J. EVANS,
A. P. BUTLER.